**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

AMERISURE INSURANCE COMPANY
and AMERISURE MUTUAL INSURANCE
COMPANY,

                Plaintiffs,

vs.                                     Case No. 3:16-cv-407-J-39JRK

THE AUCHTER COMPANY, ARCH
INSURANCE COMPANY, LANDMARK
AMERICAN INSURANCE COMPANY,
TSG INDUSTRIES INC., and B & B OF
DUVAL COMPANIES, INC.,

                Defendants.
_____/

# O R D E R

This cause is before the Court on Plaintiffs/Counter-Defendants', Amerisure Insurance Company and Amerisure Mutual Insurance Company (collectively, "Amerisure"), Motion to Compel Production of Documents from Defendant Arch Insurance Company, With Incorporated Memorandum of Law (Doc. No. 142; "Motion"), filed February 3, 2017. Arch Insurance Company ("Arch") responded in opposition on March 8, 2017. See Response and Memorandum of Law in Opposition to Amerisure's Motion to Compel Production of Documents from Defendant Arch, With Incorporated Memorandum of Law (Doc. No. 150; "Response"). Then, with leave of Court, see Order (Doc. No. 153), Amerisure replied on March 28, 2017. See Reply of Amerisure in Support of Their Motion to Compel Production of Documents from Arch (Doc. No. 156; "Reply").

To resolve the instant Motion, the Court need not summarize the entire history of this case and the underlying state court action, <u>Riverside Partners, Ltd. v. The Auchter Company, et al.</u>, Case No. 16-2010-CA-006433, filed in the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida on May 20, 2010 ("Underlying Action").[1] In the Motion, Amerisure seeks to compel Arch to produce documents responsive to Request No. 3 of its First Set of Production Requests and Request Nos. 7 and 8 of its Second Set of Production Requests. Motion at 1, 4-5. Amerisure also seeks its attorneys' fees and costs incurred in bringing the Motion. Id. at 2, 6.

Rule 26(b)(1), defines the scope of discovery as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "[T]he court must limit the frequency or extent of discovery otherwise allowed by these rules if it determines that . . . the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)(iii).

**A. Request No. 3**

Amerisure's Request No. 3 of the First Set of Production Requests states:

Request No. 3: Any and all documents or communications by and between Arch, Auchter, and/or [Riverside Avenue Partners, Ltd. ("RAP")] relating to the

---

[1] For comprehensive summaries of the history of this matter and the Underlying Action, see the March 30, 2017 Orders entered on the parties' summary judgment motions (Doc. Nos. 157, 158).

-2-

> discussion, negotiation and/or consummation of the Settlement Agreement [reached by RAP and Arch in the Underlying Action].

Motion at 4; Ex. A at 5. Opposing this request, Arch argues that the documents/communications relating to the settlement agreement in the Underlying Action are subject to a settlement negotiations privilege. Response at 3-6. Alternatively, argues Arch, the documents/communications are not relevant to the claims and defenses in this matter. Id. at 6-9. Responding to Arch's arguments, Amerisure contends there is no settlement negotiations privilege recognized in the United States Court of Appeals for the Eleventh Circuit, and the documents/communications are relevant to the claims and defenses because the settlement discussions "have been placed squarely at issue[.]" Reply at 2-7, 4.

The cases upon which Arch relies to claim a settlement negotiations privilege are from outside the Eleventh Circuit. See Response at 3-6 (mainly relying on Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc., 332 F.3d 976 (6th Cir. 2003)). As Amerisure correctly points out in its Reply, see Reply at 2-3, the Eleventh Circuit has not "recognized a settlement privilege as a matter of federal common law," Graves v. United States, No. 13-cv-22501-MOORE/MCALILEY, 2014 WL 11899874, at *2 (S.D. Fla. Oct. 30, 2014) (concluding there is "no privilege for settlement negotiations recognized in this Circuit that bars [the p]laintiff from discovering the settlement communications between the DOJ and the City of Miami"); see also Doe No. 1 v. United States, 749 F.3d 999, 1010 (11th Cir. 2014) (citing In re MSTG, Inc., 675 F.3d 1337, 1344 (Fed. Cir. 2012)). Accordingly, to the extent that documents responsive to Request No. 3 are being withheld on that basis, Arch's objection is overruled.

The absence of a settlement privilege does not end the inquiry. See Graves, 2014 WL 11899874, at *2. Indeed, the Court still must determine whether the documents sought meet the threshold standard of relevance. Given the unique circumstances of this case, in which, among other things, Amerisure seeks a declaratory judgment regarding whether it must indemnify Arch for the final judgment in the Underlying Action and/or in connection with Arch's settlement with RAP, the undersigned finds that the requested settlement documents are relevant as contemplated by the Rules. The Settlement Agreement reached by RAP and Arch is necessarily central to the issues in this case; under the circumstances, the communications leading to its execution meet the "remarkably low bar" standard of relevance. Pinilla v. Northwings Accessories Corp., No. 07-21564-CIV, 2007 WL 2826608, at *4 (S.D. Fla. Sept. 25, 2007) (citing Fed. R. Civ. P. 26(b)(1)).

Additionally, Arch's boilerplate objection that the request is "irrelevant to any party's claim or defense," Motion at 7, Ex. B p. 2, does not suffice, see Fed. R. Civ. P. 34(b)(2)(B) (stating that an objection to a request must be stated "with specificity"); Middle District Discovery (2015) at Part III.A.6 (stating, "Boilerplate objections such as 'the request is . . . outside the scope of permissible discovery' are insufficient without a full, fair explanation particular to the facts of the case"); Douglas v. Kohl's Dep't Stores, Inc., No. 6:15-cv-1185-Orl-22TBS, 2016 WL 1588651, at *2 (M.D. Fla. Apr. 20, 2016) (citations omitted) (overruling an impermissible boilerplate objection that "d[id] not explain why the requests [we]re irrelevant, overbroad, or otherwise objectionable").[2]

---

[2] To the extent that Arch initially objected that the requested documents were "not proportional to the needs of the case, overbroad, harassing, and unduly burdensome," see Motion at 7,

(continued...)

For all of the foregoing reasons, Arch's objection is overruled, and Arch must produce documents responsive to Request No. 3 of the First Set of Production Requests.

**B. Request Nos. 7 and 8**

Amerisure's Request Nos. 7 and 8 of its Second Set of Production Requests state:

<u>Request No. 7</u>:   A copy of Arch's entire claims file related to the Bonds at issue in this lawsuit and referenced in Arch's Amended Counterclaim, including but not limited to, all correspondence, all investigative reports, memoranda, notes, pictures, estimates, bills, invoices, analyses, or other documents. If Arch objects to producing any documents on the basis of privilege, please provide a privilege log in accordance with Federal Rule of Civil Procedure 26(b)(5) along with the produced documents.

<u>Request No. 8</u>:   A copy of Arch's entire claims file and/or file related to the Project, including but not limited to, all correspondence, all investigative reports, memoranda, notes, pictures, estimates, bills, invoices, analyses, or other documents. If Arch objects to producing any documents on the basis of privilege, please provide a privilege log in accordance with Federal Rule of Civil Procedure 26(b)(5) along with the produced documents.

Motion at 9-10, Ex. C p. 8.

The parties' dispute over these two requests is two-fold: 1) whether and to what extent the claims files are subject to work product protections; and 2) whether certain documents must be produced because they may contain facts or data that an attorney provided to an expert in forming opinions to be expressed. <u>See</u> Motion at 11-15; Reply at 5-10.[3] They are addressed in turn.

---

[2](...continued)
Ex. B p. 2, Arch has abandoned these objections by not raising them in its Response to the instant Motion. Further, they are also impermissible boilerplate objections. <u>See,e.g.</u>, Fed. R. Civ. P. 34(b)(2)(B); Middle District Discovery (2015) at Part III.A.6

[3]      As to the second dispute over these requests, Arch does not make an argument in opposition to Amerisure's contentions. <u>See generally</u> Response.

### 1. Claimed Work Product Protection

Rule 26(b)(3)(A) sets out the work product doctrine: "Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative," subject to certain exceptions. Fed. R. Civ. P. 26(b)(3)(A) (emphasis added); see Hickman v. Taylor, 329 U.S. 495 (1947). "It is admittedly difficult to reduce to a neat general formula the relationship between preparation of a document and possible litigation necessary to trigger the protection of the work product doctrine." United States v. Davis, 636 F.2d 1028, 1040 (5th Cir. 1981) (citations omitted).[4] Litigation, however, "need not necessarily be imminent . . . as long as the primary motivating purpose behind the creation of the document was to aid in possible future litigation." Id. (citations omitted); see U.S. Fidelity & Guar. Co. v. Liberty Surplus Ins. Corp., 630 F. Supp. 2d 1332, 1337 (M.D. Fla. 2007) (citations omitted) (stating that "[t]he determinative question is whether the prospect of litigation was the primary motivating purpose behind the creation of a particular document"). The party asserting the privilege carries "the burden of proving the existence of the privilege." U.S. Fidelity & Guar. Co., 630 F. Supp. 2d at 1336 (citations omitted).

In an insurance dispute, "[d]ocuments constituting part of a factual inquiry into or evaluation of a claim in order to arrive at a claim decision are generated in the ordinary course of business and are not considered work product." Amerisure Mut. Ins. Co. v. Crum & Forster Spec. Ins. Co., No. 2:12-cv-443-FtM-29CM, 2014 WL 1689275, at *3 (M.D. Fla.

---

[4] In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former United States Court of Appeals for the Fifth Circuit that were rendered prior to the close of business on September 30, 1981.

-6-

Apr. 29, 2014) (unpublished), aff'd, 2014 WL 12617728, at *1 (M.D. Fla. June 16, 2014) (unpublished) (citing Cutrale Citrus Juices USA, Inc. v. Zurich Am. Ins. Group, No. 5:03-cv-420-Oc-10GRJ, 2004 WL 5215191, at *2 (M.D. Fla. Sept. 10, 2004) (unpublished)).

> While there is no bright line rule in the insurance context marking the boundary between documents protected under the work product privilege and documents produced in the ordinary course of business, the date coverage is denied by the insurer has been recognized by a number of courts as the proper date after which it is fairly certain there is an anticipation of litigation and thus documents generated after that date would be protected as work product.

Cutrale, 2004 WL 5215191, *2 (citations omitted); see also U.S. Fid. & Guar. Co., 630 F. Supp. 2d at 1337; Harper v. Auto-Owners Ins. Co., 138 F.R.D. 655, 662 (S.D. Ind. 1991). At the end of the day, "[t]he 'determinative question' is whether the prospect of litigation was the primary motivating purpose behind the creation of a particular document." U.S. Fid. & Guar. Co., 630 F. Supp. 2d at 1337.

Here, Arch contends that it "anticipated litigation in connection with the Project in late April 2007, when Auchter became unable to complete the Project and tendered management and control of its work to Arch." Response at 11 (citation omitted). By contrast, Amerisure contends that "Arch could not have arguably anticipated litigation with Amerisure until, at the earliest, November 21, 2007, at which time Arch threatened to file a Civil Remedy Notice against Amerisure." Reply at 9 n.5; see also Motion at 14.[5] In response to Arch's contention

---

[5] Amerisure specifically seeks the following relief in its Motion: that "all documents identified in Arch's privilege log being withheld as subject to the work-product doctrine should be produced, or alternatively, all documents created prior to November 21, 2007." Motion at 14 (emphasis added). To the extent that Amerisure contends all documents should not be protected work product, it has not seriously argued for this relief. Rather, its arguments focus on the November 21, 2007 date. See Motion at 12-14; Reply at 7-9. In fact, in the Reply, Amerisure seeks only the relief of Arch producing "all documents identified in Arch's privilege log as created prior to and including November 21, 2007." Reply at 9.

that the relevant date should be after Arch took over construction of the Project, Amerisure contends that because "Arch accepted Auchter's claim and attempted to perform work in Auchter's place in the [Project], its claims files are . . . relevant and discoverable." Reply at 8. Otherwise, says Amerisure, "every time [Arch] is requested to perform under a bond it issues, which is the purpose for which Arch sells its bonds, the . . . work product doctrine protects it from disclosing any documents." Id. at 9.

The undersigned finds that Arch has not met its burden of showing that the work product protection attached as of late April 2007. This is not the typical insurance case in which a coverage denial might trigger a presumption of work product protection.[6] To the extent that Arch contends it reasonably anticipated litigation in late April 2007 when it took over the Project, it does not provide any factual support for this alleged anticipation except the mere fact that it took over. That is not enough to meet its burden of showing that the prospect of litigation was the primary purpose behind preparing the documents created after late April 2007.

Although neither party provides an analysis of the privilege log that would shed light on this issue, an independent review of the privilege log does not convince the undersigned that documents prepared after late April 2007 were prepared for the primary purpose of litigation. For instance, in June 2007, descriptions of documents still include phrases like "strategy for claim"; "claim strategy"; and "insurance coverage issues." Doc. No. 142-4 at pp.

---

[6] The parties do not cite any cases with similar factual circumstances that discuss the work product doctrine.

-8-

13-14.[7] Later in the year, some of the descriptions contain phrases that appear to get closer to the mark, such as "legal analysis," "preparation for settlement meeting," "legal analysis of settlement posture," and "global settlement." Id. at pp. 14-16. Arch, however, has not made any attempt to explain what was happening post-April 2007 or explain how these documents were allegedly prepared for anticipation of litigation. It is entirely possible that the legal analysis to which the descriptions refer was more akin to investigative work, rather than a primary purpose of anticipating litigation. See U.S. Fid. & Guar. Co. v. Braspetro Oil Servs. Co., Nos. 97Civ.6124 (JGK)(THK), 98Civ.3099(JGK)(THK), 2000 WL 744369, at *12 (S.D.N.Y. June 8, 2000) (stating, "Simply because an attorney participated in and supervised [the] process does not transform investigative documents into work product" and observing, "By all accounts, there were complex issues to be addressed, regardless of litigation, for which an attorney knowledgeable in suretyship issues . . . could provide invaluable assistance"). Without more, Arch simply has not met its burden of demonstrating that the work product protection attached as of late April 2007.

On the limited record placed before the Court, the undersigned finds that November 21, 2007 is the relevant date for the work product protection to attach. That is when Arch threatened to file a civil remedy notice against Amerisure.[8] Accordingly, any documents withheld as work product prior to this date must be produced.

---

[7] For this document, the citations are to the pagination assigned by the Court's electronic filing system (CM/ECF).

[8] The parties disagree whether the relevant question is when Arch anticipated any litigation or just when Arch anticipated litigation with Amerisure. That disagreement need not be resolved because either way, given the factual record set forth in the Motion, Response, and Reply, the undersigned's determination of the date would remain the same (November 21, 2007).

### 2. Expert Consultant Documents

Amerisure also seeks relief with respect to 109 entries on the privilege logs "that refer to documents authored by consultants of Arch." Motion at 14. In that regard, Amerisure is correct that any communications between an expert and an attorney that "identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed" are not protected. Fed. R. Civ. P. 26(b)(4)(ii). Thus, Arch shall reexamine the disputed entries; if any of them contain this information, the material must be produced.

### C. Attorney's Fees and Costs

Finally, Amerisure contends that Arch should be ordered to pay Amerisure's attorneys' fees and costs incurred in preparing the instant Motion. Motion at 15. The Court's decision to impose sanctions for discovery violations is discretionary. Knights Armament Co. v. Optical Sys. Tech., Inc., 254 F.R.D. 470, 472 (M.D. Fla. 2008). Sanctions are not appropriate if a party's actions were substantially justified or other circumstances would make an award of expenses unjust. See Fed. R. Civ. P. 37(a)(5)(A), (B). "Substantially justified means that reasonable people could differ as to the appropriateness of the contested action." Maddow v. Proctor & Gamble, Co., 107 F.3d 846, 853 (11th Cir. 1997) (citing Pierce v. Underwood, 487 U.S. 552, 565 (1988)). Here, the Court finds that reasonable people could differ as to the correctness of both parties' positions, and, under the circumstances, an award of fees and expenses would be unjust. The Court, therefore, declines to award fees or costs at this time.

After due consideration, it is

**ORDERED:**

1. Plaintiffs/Counter-Defendants', Amerisure Insurance Company and Amerisure Mutual Insurance Company, Motion to Compel Production of Documents from Defendant Arch Insurance Company, With Incorporated Memorandum of Law (Doc. No. 142) is **GRANTED in part and DENIED in part.**

2. The Motion is **GRANTED** to the extent that Arch shall produce the following documents no later than **July 31, 2017** (if it has not already done so):

> A. Documents responsive to Request No. 3 of the First Set of Production Requests;
>
> B. Documents dated prior to November 21, 2007 responsive to Request Nos. 7 and 8 of the Second Set of Production Requests.

3. The Motion is further **GRANTED** to the extent that Arch must review the 109 disputed entries on its privilege log "that refer to documents authored by consultants of Arch." If any of them are documents containing communications between an expert and an attorney that "identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed," Fed. R. Civ. P. 26(b)(4)(ii), the documents must be produced no later than **July 31, 2017**.

4. Otherwise, the Motion is **DENIED.**

**DONE AND ORDERED** at Jacksonville, Florida on July 7, 2017.

JAMES R. KLINDT
United States Magistrate Judge

kaw

Copies to:

Counsel of record