**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

AMERISURE INSURANCE COMPANY
and AMERISURE MUTUAL INSURANCE
COMPANY,

               Plaintiffs,

vs.                                              Case No. 3:16-cv-407-J-39JRK

THE AUCHTER COMPANY, ARCH
INSURANCE COMPANY, LANDMARK
AMERICAN INSURANCE COMPANY,
TSG INDUSTRIES INC., and B & B OF
DUVAL COMPANIES, INC.,

               Defendants.
_____/

## O R D E R

This cause is before the Court on several discovery motions. After due consideration, it is

**ORDERED:**

1. Plaintiffs/Counter-Defendants', Amerisure Insurance Company and Amerisure Mutual Insurance Company, Motion to Compel Answer to Second Request for Admission from Defendant Arch Insurance Company and to Compel Complete Answers to Re-Propounded First Set of Interrogatories, with Incorporated Memorandum of Law (Doc. No. 229), filed June 4, 2018, to which Arch Insurance Company Responded in Opposition (Doc. No. 233) on June

15, 2018, is **DENIED**.[1] Neither party will be awarded attorneys' fees, as both positions were substantially justified.

2. Plaintiffs/Counter-Defendants', Amerisure Insurance Company and Amerisure Mutual Insurance Company, Motion for Leave to File a Reply Brief in Support of Motion to Compel Answer to Second Request for Admission from Defendant Arch Insurance Company and to Compel Complete Answers to Re-Propounded First Set of Interrogatories, with Incorporated Memorandum of Law (Doc. No. 235), filed June 18, 2018, to which Arch Insurance Company objects (but did not file a response in opposition), is **DENIED**.

3. Plaintiffs/Counter-Defendants', Amerisure Insurance Company and Amerisure Mutual Insurance Company, Motion to Bar Defendant/Counter-Plaintiff Arch Insurance Company from Offering Any Evidence as to Allocation at Trial, for Failure of Corporate Designee to Provide Allocation Testimony, or, in the Alternative, to Compel Testimony as to Allocation of Settlement Amount with Incorporated Memorandum of Law (Doc. No. 237), filed

---

[1] The issues raised by this motion have more or less already been addressed by the Court. Plaintiffs filed a motion to compel (Doc. No. 205; "First Motion to Compel") on January 18, 2018. After extensive briefing (Doc. Nos. 206, 209, 213, 221), the Court held a hearing on April 26, 2018 and ruled from the bench on the First Motion to Compel. See Minute Entry (Doc. No. 222); Transcript (Doc. No. 225). The announced rulings were memorialized in an Order entered the same day. Order (Doc. No. 223). The instant motion is a follow-up to that ruling based on discovery that was served pursuant to the Order. Findings made during the April 26, 2018 hearing and in the April 26, 2018 Order are incorporated herein.

Having extensively studied the prior filings, the transcript of the hearing, and the instant motion, the Court is of the view that the newly-propounded request for admission is subject to many interpretations and need not be responded to. On the "allocation" issue, if Amerisure wants to know Arch's basis for seeking insurance coverage for each of the categories identified in the final judgment, it has not even come close to asking that question, and it would not be an appropriate request for admission. If Amerisure wants Arch to admit that the final judgment does not properly allocate for insurance purposes, Arch's position is that it does even though this Court has previously found that the state court declined to make insurance-related findings. If Amerisure wants some other admission, the Court is at a loss.

With respect to the interrogatories, although the Court initially contemplated a short summary of what each witness knows about the allocation issue, having reviewed Mr. Beach's testimony, it is apparent that if the other witnesses have similar knowledge as his, ordering Arch to provide any further detail about each witness's allocation knowledge would not serve any useful purpose and is not practical.

July 5, 2018, to which Arch Insurance Company Responded in Opposition (Doc. No. 238) on July 19, 2018, is **DENIED** for the reasons articulated in the response.  However, Arch's request in the response to sanction Amerisure is also denied.  Reasonable people could differ as to the appropriateness of the motion, and it was therefore substantially justified.

    4.    Plaintiffs/Counter-Defendants', Amerisure Insurance Company and Amerisure Mutual Insurance Company, Motion for Leave to File a Reply Brief in Support of Motion to Bar Defendant/Counter-Plaintiff Arch Insurance Company from Offering Any Evidence as to Allocation at Trial, for Failure of Corporate Designee to Provide Allocation Testimony or, in the Alternative, to Compel Testimony as to Allocation of Settlement Amount, with Incorporated Memorandum of Law (Doc. No. 240), filed July 23, 2018, to which Arch Insurance Company objects (but did not file a response in opposition), is **DENIED**.

    5.    Non-Party Taylor Day Grimm & Boyd's Motion to Quash Subpoena Duces Tecum Without Deposition Served by Defendant The Arch Insurance Company (Doc. No. 239), filed July 20, 2018, to which Arch responded in opposition (Doc. No. 244) on August 3, 2018, is **GRANTED** to the extent that the subpoena is quashed as overly broad, subjecting Taylor Day to undue burden, and requiring disclosure of privileged or other protected matter.[2] See Fed. R. Civ. P. 45(d)(3)(A).  Taylor Day's request in the motion for sanctions pursuant to Rule 45(d)(1) is **DENIED**, as Arch at least attempted (albeit after the subpoena was served) to negotiate narrowing the scope of it.

    6.    Non-Party Taylor Day Grimm & Boyd's Motion for Leave to File a Reply to Defendant Arch Insurance Company's Response to Non-Party Taylor Day Grimm & Boyd's

---

[2] In light of these findings, the Court need not determine whether requiring a party to mail (20 bankers boxes of) documents outside the geographical limits of Rule 45 is a basis for quashing it.

Motion to Quash Subpoena (Doc. No. 252), filed August 10, 2018, to which Arch Insurance Company objects (but did not file a response in opposition), is **DENIED**.

7. Arch's Motion for Leave to File its Motion to Compel Better Discovery Responses from Amerisure (Doc. No. 241), filed July 31, 2018, to which the Amerisure Plaintiffs responded in opposition (Doc. No. 242) on August 1, 2018, is **DENIED** as untimely. See Sixth Amended Case Management and Scheduling Order (Doc. No. 219), entered April 4, 2018, at 1-2 (providing that the discovery deadline was July 5, 2018, that "motions to compel brought pursuant to Rule 37 must be filed no later than the close of discovery," and that "this Court will not hear discovery disputes arising during [any] stipulated continuance" of discovery); see also Order (Doc. No. 217), entered March 28, 2018, at 2-3 (detailing the many times that the case has been continued, the "striking . . . leisurely pace of the parties' discovery process," and the fact that "the parties continue to propound additional written discovery requests . . . and to seek Court intervention in their discovery").

**DONE AND ORDERED** at Jacksonville, Florida on August 30, 2018.

_____
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record
Counsel for Movant Taylor Day, Grimm & Boyd

-4-