UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

AMERISURE INSURANCE
COMPANY and AMERISURE
MUTUAL INSURANCE
COMPANY,

    Plaintiffs,

v.                                           Case No. 3:16-cv-407-BJD-JK

THE AUCHTER COMPANY,
ARCH INSURANCE COMPANY,
LANDMARK AMERICAN
INSURANCE COMPANY, TSG
INDUSTRIES INC, and B & B OF
DUVAL COMPANIES, INC.,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiffs and Defendant Arch Insurance Company's Joint Unopposed Motion for Substitution of Parties (Doc. 336), Defendant Landmark American Insurance Company's (LAIC) response in opposition (Doc. 337), Plaintiffs and Defendant Arch Insurance Company's Proposed Final Judgment (Doc. 338), Defendant LAIC's Motion to Strike the Proposed Final Judgment (Doc. 339), Plaintiffs' Response in opposition (Doc. 340), and Defendant LAIC's Motion for Leave to File a Reply Brief (Doc. 341).

### A. Background

This controversy began in 2015, when Plaintiffs sued Defendants for this Court to declare Plaintiffs owed no duty to indemnify Defendants in connection with a final judgment entered in state court. (See generally Doc. 24; Amended Complaint). Defendant Arch Insurance Company brought a counterclaim for declaratory relief and breach of contract against Plaintiffs and a crossclaim for the same against Defendant LAIC. (Doc. 51). Defendant LAIC brought a counterclaim against Plaintiffs and crossclaims against Defendants Auchter Company, Arch Insurance Company, and TSG Industries Inc. (See Doc. 55).[1]

The parties have engaged in significant motion practice, including multiple rounds of summary judgment. (See Docs. 65, 75, 84, 90, 92–93, 98–99, 108, 111–112, 121–122, 128, 139, 160, 168–169, 173, 176, 182, 201, 211, 218, 224, 230, 247–250, 258–260, 262–264, 269–271, 277, 295, 298–299, 302, 304, 306, 308–309, 312–314, 330). This Court has ruled on the motions for summary judgment, limiting the relief sought in the parties' pleadings. (See Doc. 157) (denying Defendant LAIC's motion for summary judgment in Doc. 90); (Doc. 158) (denying Plaintiffs' motion for summary judgment against Defendant LAIC (Doc. 65)); (Doc. 191) (denying Plaintiffs' motion for

---

[1] The facts and history of this case have been further outlined in detail in this court's previous Orders. (See Docs. 158, 216).

- 2 -

summary judgment against Defendant Arch Insurance Company (Doc. 112)); (Doc. 216) (granting, in part, Defendant Arch Insurance Company's motion for partial summary judgment (Doc. 160) and denying Plaintiffs' cross motion for partial summary judgment (Doc. 169)); (Doc. 267) (granting in part and denying in part Plaintiffs' motion for partial summary judgment against LAIC (Doc. 201)); (Doc. 292) (ruling on eight of the motions for summary judgment (Docs. 224, 246–250, 257, 271)); (Doc. 307) (granting Plaintiffs' motion for reconsideration and modification of this Court's Order (Doc. 292)); (Doc. 321) (denying two motions for reconsideration (Docs. 308, 309)). Additionally, Defendant LAIC filed an appeal to the Eleventh Circuit Court of Appeal, which was dismissed for lack of jurisdiction. (See Docs. 324, 333).

On February 14, 2019, this Court entered an Order that, in part, directed the parties to confer and "decide what, if any, issues remain for this Court's consideration" and to "file a joint notice to the Court as to the status of this case." (Doc. 292 at 24). "[U]nable to agree jointly on the issues that remain[ed]" before the Court, the parties filed a joint status report outlining what each party believed to be remaining for the Court to consider. (Doc. 296; filed March 11, 2019).

On December 22, 2020, this Court entered an Order that denied two motions for reconsideration filed by Defendant LAIC. (Doc. 321). There, this Court determined that "all issues concerning [Defendant LAIC] have been

decided." Id. at 5. Additionally, "there appear[ed] to be two remaining issues to be decided between" Plaintiffs and Defendant Arch Insurance Company. Id. at 6. This Court then directed Plaintiffs and Defendant Arch Insurance Company "to file a proposed final judgment [ ] that encompasses the Court's rulings to date and their proposed outcome for the Motion for Partial Summary Judgment (Doc. 248)." Id. at 7.

Plaintiffs and Defendant Arch Insurance Company filed a joint notice of partial resolution of claims. (Doc. 334; Notice). Within the Notice, the parties propose a path to settle the claims between the two parties; however, the claims brought by Defendant LAIC would remain pending. Notice at 1–2. Additionally, Plaintiffs and Defendant Arch Insurance Company filed a joint motion to substitute party (Doc. 336) and a proposed final judgment (Doc. 338) in accordance with their Notice. Defendant LAIC opposes both the motion to substitute and the proposed final judgment. (Docs. 337, 339).

### B. Discussion

#### *a. Final Judgment and Substituting Parties*

Plaintiffs and Defendant Arch Insurance Company jointly moved to substitute "Amerisure Mutual Insurance Company in place of Arch Insurance Company for all purposes of the present case, dismiss [Defendant Arch Insurance Company] from any further involvement in this action[.]" Doc. 336 at 3). Defendant LAIC objects to the motion if Plaintiffs' "intent is to submit

final judgments against LAIC that are not related to the orders that have already been entered against LAIC or to submit additional requests for relief against LAIC." (Doc. 337 at 2).

Plaintiffs and Defendant Arch Insurance Company filed a proposed final judgment (Doc. 338.1), and Defendant LAIC objects to an "Unsupported $8.7 Million" award enumerated within the proposal and moves to strike the proposed final judgment. (See Doc. 339 at 5, 7–8). Defendant LAIC also moves for sanctions against Plaintiffs for committing fraud and for improperly disclosing settlement discussions. Id. at 8–9.

The proposed final judgment sets forward the following monetary awards, which does not include Plaintiffs' claims for interest, attorneys' fees, and costs that Plaintiffs will seek at another time:

1. An award of $1,208,593.34 because this Court determined Defendant LAIC "owed a primary duty to defend Auchter in the underlying state court action with [Plaintiffs] providing excess coverage to [Auchter] vis-à-vis the Landmark policies." (Doc. 267 at 28).

2. An award of $364,554.19 in interest as it relates to the $1,208,593.34 award, and the post-judgment interest continues to accrue until the $1,208,593.34 is paid in full. See Fla. Stat. § 55.03.

3. An award of $2,000,000.00, which is the sum of the policy limits under Landmark's commercial general liability policy numbers LHA103911 and LHA104850. (Doc. 307 at 6); (see also Docs. 160, 292, 321).

4. An award of $728,602.68 in interest as it relates to the $2,000,000.00 award, and the post-judgment interest continues to accrue until the $2,000,000.00 is paid in full. See Fla. Stat. §§ 55.03, 687.01.

5. An award of $2,775,347.42 for Defendant Arch Insurance Company's attorney's fees and costs from the underlying state court action, Riverside Ave. Partners, Ltd. v. Auchter Co. et al., Case No. 16-2010-CA-6433.

6. An award of $5,997,827.20 for Defendant Arch Insurance Company's attorney's fees and costs, as enumerated in Arch Ins. Co. v. Auchter Co., Case No. 2015-CA-5022, Doc. 107 (Fla. Duval Cnty. Ct. Mar. 27, 2017).

(See Doc. 338.1 at 3–4); see also Riverside Ave. Partners, Ltd. v. Auchter Co. et al., Case No. 16-2010-CA-6433 (Fla. Duval Cnty. Ct.) (Doc. 1982; filed June 8, 2015), (Doc. 1983; filed Sept. 11, 2015), and (Doc. 1992; filed Mar. 1, 2016); Arch Ins. Co. v. Auchter Co., Case No. 2015-CA-5022, Doc. 107 (Fla. Duval Cnty. Ct. Mar. 27, 2017). The awards enumerated in subsections 1–4 have

also been enumerated in this Court's previous orders on summary judgment. (See Docs. 267 at 28; 307 at 6); (see also Docs. 160, 292, 321).

At issue is whether the monetary awards enumerated in sections 5 and 6 are recoverable. Based on the state court's rulings, both awards are not recoverable because they constitute a double award. Gen. Tel. Co. of the Northwest, Inc. v. Equal Emp. Opportunity Comm'n, 446 U.S. 318, 333 (1980) ("It also goes without saying that the courts can and should preclude double recovery by an individual.").

First, reviewing the action in Riverside Ave. Partners, Ltd. v. Auchter Co. et al., Case No. 16-2010-CA-6433 (Fla. Duval Cnty. Ct.), the state court never entered a final judgment memorializing the "Stipulation to Plaintiff, Riverside Avenue Partners, Ltd's Attorneys' Fees, Costs and Expenses." Riverside Ave. Partners Ltd., Case No. 16-2010-CA-6433, (Doc. 1982; filed June 8, 2015). There, Riverside Avenue Partners, Ltd. (RAP), Defendant Autcher Company, and Defendant Arch Insurance Company stipulated that "RAP shall receive a total of $1,912,691.50 in attorneys' fees" and "$862,655.92 in costs and expenses, which includes expert witness fees." Id. at 2. This total amount sums to $2,775,347.42 and was to be paid by Defendants Autcher Company and Arch Insurance Company. The three parties then settled the $2,775,347.42 and RAP filed a Stipulation of Judgment in the state court, stating Defendants Autcher Company and Arch

Insurance Company paid the amount in full, "including all attorneys' fees, interest, and recoverable costs." <u>Riverside Ave. Partners Ltd.</u>, Case No. 16-2010-CA-6433, (Doc. 1983 at 1; filed Sept. 11, 2015).

Though the three parties stipulated to and paid this amount, the state court never enumerated whether the amount was proper or entered a final judgment explaining whether RAP's claims to attorneys' fees were fully settled and Defendants' liability discharged. <u>See id.</u> (Doc. 1991 at 3; filed Mar. 1, 2016) (stating that "due to the settlement reached by and among Arch Insurance Company, The Auchter Company, and [RAP, ] the Court will require an evidentiary hearing [ ] to establish the amount to be awarded"); (<u>see also</u> Doc. 248.3 at 88) (ordering that "the Court retains jurisdiction on the issues of attorney's fees and costs"). The only final judgment entered in the case that enumerates attorneys' fees is docket entry 2101, which specifies the appellate attorneys' fees to be paid by a subcontractor to Defendant Arch Insurance Company. <u>Riverside Ave. Partners Ltd.</u> at (Doc. 2101; filed June 11, 2018).

Second, on August 3, 2015, Defendant Arch Insurance Company sued Defendant Auchter Company in state court. <u>See</u> <u>Arch Ins. Co.</u>, Case No. 2015-CA-5022, Doc. 1 (Fla. Duval Cnty. Ct., Aug. 3, 2015). There, in ruling on a motion for summary judgment, the state court ordered Defendant Auchter Company to pay Defendant Arch Insurance Company "$5,997,827.90 for

Arch's attorneys fees and costs incurred in the Underlying Action". Id. (Doc. 107 at 18; filed Mar. 27, 2017). The "Underlying Action" is <u>Riverside Ave. Partners Ltd.</u>. Id. at 2. The state court also denoted that "[n]o double recovery shall be had by Arch." Id. at 19.

This Court has already determined that Defendant LAIC "owed a primary duty to defend Auchter in the underlying state court action with [Plaintiffs] providing excess coverage to [Auchter] vis-à-vis the Landmark policies." (Doc. 267 at 28). Therefore, Defendant LAIC is only liable for the $5,997,827.20 and not for the $2,775,347.42 because awarding both would be an impermissible double award for Defendant Arch Insurance Company. See <u>Gen. Tel. Co. of the Northwest, Inc.</u>, 446 U.S. at 333.

Finally, the awards enumerated in sections 1 and 6 of the proposed final judgment are not double awards. This Court ruled that Defendant LAIC owed Plaintiff Amerisure Mutual Insurance Company $1,208,593.34 because Defendant LAIC owed Plaintiff "a duty to defend Auchter in the underlying state court action." (Doc. 267 at 28). In other words, Amerisure spent $1,208,593.34 defending Defendant Auchter Company in the 2010 lawsuit. See <u>Riverside Ave. Partners Ltd.</u>, Case No. 16-2010-CA-6433, (Doc. 2; filed May 17, 2010); (<u>see also generally</u> Doc. 267) (explaining liability in the 2010 lawsuit by relying on the final judgment from the non-jury trial in state court (Doc. 248.3)). The state court, in the 2015 lawsuit, also ruled that Defendant

Arch Insurance Company, as Defendant Auchter Company's surety, incurred $5,997,827.90 in attorneys' fees, costs, and expenses in the 2010 case. <u>See generally</u> <u>Arch Ins. Co.</u>, Case No. 2015-CA-5022, Doc. 107 (Fla. Duval Cnty. Ct., Mar. 27, 2017). Both amounts were incurred separately by either Defendant Arch Insurance Company or Plaintiff in defense of Defendant Auchter Company in the 2010 case. Accordingly, awarding both amounts will not be a double award given to the same party for the same damages.

### b. *Defendant LAIC's Motion to Strike and for Sanctions*

To address Defendant LAIC's contention that was not afforded due process to address these award amounts, Defendant Arch argues it disclosed this amount in its initial disclosure, stating

> that it sought to recoup all amounts paid in satisfaction of the final judgment entered in the Underlying [Action] as well as the amounts paid in satisfaction of the Stipulation of Riverside Avenue Partner Ltd.'s Motion for Attorney's Fees, Costs, and Expenses ($2,775,347.42) and for Arch's attorney's fees, costs, and expenses incurred in defending the claims in the Underlying Action ($5,997,827.90).

(Doc. 340 at 6); (<u>see also</u> Doc. 340.2 at 18). Defendant Arch Insurance Company listed these damage categories in its crossclaim (Doc. 51 at 18) and in the March 2019 joint status report (Doc. 296 at 8). Additionally, the value of the stipulation of Riverside Avenue Partner Ltd.'s attorney's fees, costs, and expense amount was enumerated in Defendant Arch Insurance

Company's Counterclaim. (See Doc. 51 at 24) (alleging that, attorney's fees were $1,912,691.50 and that costs and expenses were $862,655.92); (Doc. 51.10) (stating the same). Defendant LAIC had notice and the opportunity to defend against the $5,997,827.20 award. Additionally, Defendant LAIC's motion for sanctions will be denied because it had notice that the parties intended to seek up to $8,773,175.32. There was no sanctionable misconduct on behalf of either Plaintiffs or Defendant Arch Insurance Company.

Accordingly, after due consideration, it is

**ORDERED:**

1. Plaintiffs and Defendant Arch Insurance Company's Joint Unopposed Motion for Substitution of Parties (Doc. 336) is **GRANTED**.

   a. Amerisure Mutual Insurance Company will take the place of Arch Insurance Company for the remainder of this lawsuit.

   b. Defendant Arch Insurance Company is **DISMISSED** from this action.

2. Plaintiffs and Defendant Arch Insurance Company's Proposed Final Judgment (Doc. 338) is **GRANTED in part**. The Clerk of Court shall enter final judgment in this matter as follows:

a. An award of $1,208,593.34 in favor of Plaintiffs and against Defendant LAIC because this Court determined Defendant LAIC "owed a primary duty to defend Auchter in the underlying state court action with [Plaintiffs] providing excess coverage to [Auchter] vis-à-vis the Landmark policies." (Doc. 267 at 28).

b. An award of $364,554.19 in interest as it relates to the $1,208,593.34 award, and the post-judgment interest continues to accrue until the $1,208,593.34 is paid in full. See Fla. Stat. § 55.03.

c. An award of $2,000,000.00 in favor of Plaintiffs and against Defendant LAIC, as it is the sum of the policy limits under Landmark's commercial general liability policy numbers LHA103911 and LHA104850. (Doc. 307 at 6); (see also Docs. 160, 292, 321).

d. An award of $728,602.68 in interest as it relates to the $2,000,000.00 award, and the post-judgment interest continues to accrue until the $2,000,000.00 is paid in full. See Fla. Stat. §§ 55.03, 687.01.

e. An award of $5,997,827.20 in favor of Plaintiffs and against Defendant LAIC for Defendant Arch Insurance Company's

attorney's fees and costs, as enumerated in <u>Arch Ins. Co. v. Auchter Co.</u>, Case No. 2015-CA-5022, Doc. 107 (Fla. Duval Cnty. Ct. Mar. 27, 2017).

3. Defendant LAIC's Motion to Strike the Proposed Final Judgment and for Sanctions (Doc. 339) is **DENIED**.

4. Defendant LAIC's Motion for Leave to File a Reply Brief (Doc. 341) is **DENIED as moot**.

5. Defendant LAIC shall pay reasonable expenses, including attorney's fees, costs, and expenses incurred by Plaintiffs in prosecuting this case in this Court. Plaintiffs shall file a motion, supported by an affidavit, within twenty-one (21) calendar days of the entry of this Order indicating the reasonable attorneys' fees and costs incurred in prosecuting this claim. The Court does not anticipate extending this deadline absent extraordinary circumstances.

**DONE** and **ORDERED** in Jacksonville, Florida this 16th day of October, 2022.

BRIAN J. DAVIS
United States District Judge

8
Copies furnished to:

Counsel of Record